UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ALECIA M. RIDEAU, M.D.           CASE NO. 6:18-CV-00473

VERSUS                            JUDGE TERRY A. DOUGHTY

LAFAYETTE HEALTH VENTURES,
INC., LAFAYETTE GENERAL         MAGISTRATE JUDGE HANNA
HEALTH SYSTEM, INC. AND AL
PATIN

## MEMORANDUM RULING

Currently pending before the court is the motion to strike certain allegations of the plaintiff's complaint, which was filed by the defendants, Lafayette Health Ventures, Inc., Lafayette General Health System Inc., and Al Patin. (Rec. Doc. 10). The motion is opposed. (Rec. Doc. 16). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## Background

The plaintiff's complaint asserted a claim under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* According to the complaint, Dr. Alecia M. Rideau is a radiologist whose specialty is interpreting breast imaging. She was allegedly hired to work at the Breast Center at Lafayette General Medical Center in Lafayette, Louisiana, in December 2014.

In February 2016, Dr. Rideau was diagnosed with breast cancer. She took eight weeks of the FMLA leave from March 28, 2016 to May 23, 2016 to accommodate the first stage of her cancer treatment. Upon her return from leave, she requested an additional two weeks of leave in the fall of 2016 to have the second stage of her breast cancer treatment – reconstruction of her breasts following bilateral mastectomy. Dr. Rideau claims that, although she was entitled to another four weeks of FMLA leave in 2016, her direct supervisor, defendant Al Patin, told her that reconstructive surgery was a cosmetic procedure that was not medically necessary, denied her request for leave, and advised that she would have to wait until 2017 to schedule the reconstruction. Mr. Patin also allegedly told Dr. Rideau that he would require her to find a temporary replacement to cover her duties before scheduling her leave. Mr. Patin also allegedly informed Dr. Rideau that her leave in the spring of 2016 had "inconvenienced the staff" and "was distressing" to the other Breast Center radiologist.

In August 2016, Dr. Rideau requested two weeks of medical leave in March 2017 for breast reconstructive surgery. Approximately a week later, Mr. Patin allegedly summoned Dr. Rideau to his office to discuss her FMLA request. He allegedly fired her instead.

In this lawsuit, Dr. Rideau seeks to recover for the defendants' alleged violation of the FMLA. She claims that the defendants both interfered with her

FMLA rights by illegally denying her FMLA leave to which she was entitled and also retaliated against her for requesting FMLA leave, treating her less favorably than employees who did not request FMLA leave, and ultimately terminating her employment.

## Law and Analysis

The defendants filed the instant motion, seeking to strike certain allegations set forth in Dr. Rideau's complaint, claiming that they are "immaterial, impertinent, or scandalous" (Rec. Doc. 10 at 1; Rec. Doc. 10-1 at 2) and have no bearing on the plaintiff's claims. Specifically, the defendants moved to strike Paragraph 27 of the complaint, in its entirety, which reads as follows:

> Since 1998, health insurers have been required by federal law to provide coverage for reconstructive surgery following mastectomies. See the Women's Health and Cancer Rights Act of 1998 ("WHCRA"), 29 U.S.C. § 1185b. At the time the WHCRA was under consideration, insurers quite commonly refused to pay for breast reconstruction after mastectomy on the ground that it was a "cosmetic" procedure and was "not medically necessary." 144 Cong. Rec. S. 4644, 4650 (1998). The WHCRA remedied this problem.

The defendants also moved to strike the portion of Paragraph 29 of the complaint, which is underlined below:

> Patin informed Plaintiff that he considered reconstructive breast surgery to be a cosmetic and elective procedure; <u>this statement contradicts federal law under the WHCRA. For twenty (20) years, it has been well established in the healthcare field that reconstructive breast surgery is not considered a cosmetic, medically unnecessary procedure. Patin is a registered nurse and a corporate officer of LHV and LGHS, and was well aware or should have been well-aware of this</u>

<u>fact</u>.  Patin's statement was an attempt to dissuade and restrain Plaintiff from asserting her federally protected rights to FMLA leave for a serious health condition

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Deciding whether to strike all or a portion of a pleading lies within the court's discretion.[1]  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."[2]  Accordingly, Rule 12(f) motions to strike are viewed with disfavor, and are infrequently granted.[3]

Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.[4]  Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the

---

[1]     *In re Beef Industry Antitrust Litigation*, MDL Docket No. 248, 600 F.2d 1148, 1168–69 (5th Cir. 1979) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1382 at 807 (1969)).  See, also, *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

[2]     *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla*., 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

[3]     *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982); C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1380.

[4]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

subject matter of the litigation."[5]  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question; while scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.[6]  "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available."[7]  Therefore, a motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit."[8]

Here, despite expressly characterizing the language sought to be stricken from the complaint as "immaterial, impertinent, or scandalous," the defendants actually claimed that the references to the WHCRA in the plaintiff's complaint are "immaterial" and "impertinent;" they did not argue that the complaint's references to the WHCRA are either redundant or scandalous.  Therefore, to prevail on their motion, the defendants must show that the text sought to be stricken has no possible

---

[5]     *Bayou Fleet Partnership, LLC v. St. Charles Parish*, 2011 WL 2680686, at *5 (E.D. La. July 8, 2011).

[6]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[7]     C. Wright & A. Miller, 5C Fed. Prac. & Proc. 3d § 1382.

[8]     *Eubanks v. Jordan*, 2006 WL 1476111, at *1 (W.D. La. May 26, 2006).

bearing upon the subject matter of the litigation or is not necessary to the resolution of the issues presented by the complaint.

The defendants argued that the WHCRA solely relates to health insurers who provide insurance coverage to those who elect breast reconstruction following mastectomy and "bears absolutely no relationship to Plaintiff's allegations under the FMLA." (Rec. Doc. 10-1 at 2). They further argued that the WHCRA does not "declare[] that reconstructive breast surgery is medically necessary" and "is nothing more than an insurance coverage mandate." (Rec. Doc. 10-1 at 3).

It is obvious from the face of the complaint that Dr. Rideau did not allege that the defendants are insurers or that they are liable to her under the WHCRA. Furthermore, the plaintiff argued that the references to the WHCRA in the complaint are material and pertinent because they relate to the liquidated damages provision of the FMLA. Under 29 U.S.C. § 2617, an employer who violates the FMLA "shall be liable" for "an additional amount as liquidated damages" unless the employer "proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation." Liquidated damages under the FMLA double a plaintiff's recovery of wages, salary, employment benefits, and interest[9] and consequently are a significant part of the damages sought to be

_____

[9]    See 29 U.S.C. § 2617(A)(1)(A)(iii).

recovered in this – or any – FMLA lawsuit. The employer has the burden of establishing that a failure to obey the FMLA was in good faith,[10] and there is a strong presumption in favor of liquidated damages.[11] If it is ultimately proven that Mr. Patin actually did tell Dr. Rideau that he believed her request for additional FMLA leave was for a procedure that was cosmetic in nature and not medically necessary, then his knowledge of the WHCRA will be an important factual issue. Therefore, the cited references to the WHCRA should not be stricken from the complaint.

Dr. Rideau's reference to the WHCRA is not immaterial or impertinent under Rule 12(f) because the good faith of the defendants in denying FMLA leave to the plaintiff and terminating her employment after she requested FMLA leave will be central issues in this case. The defendants are healthcare providers who frequently deal with insurance companies, they are likely familiar with the WHCRA, and they might be expected to be aware of what procedures – particularly those related to breast cancer – are considered to be medically necessary and what procedures are considered to be purely cosmetic in nature. The defendants' familiarity with the WHCRA might ultimately be determined to be a factor in evaluating their good faith in responding to the plaintiff's requests for FMLA leave.

---

[10] *Crain v. Schlumberger Technology Co.,* No. 15-1777, 2017 WL 713673, at *3 (E.D. La. Feb. 23, 2017) (citing *Nero v. Industrial Molding Corp*., 167 F.3d 921, 928 (5th Cir. 1999)).

[11] *Nero v. Industrial Molding Corp*., 167 F.3d at 929.

Accordingly, since the portions of the complaint sought to be stricken are not redundant, immaterial, impertinent, or scandalous, there is no basis for striking them under Rule 12(f).

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the defendants' motion to strike certain allegations in plaintiff's complaint (Rec. Doc. 10) is DENIED.

IT IS FURTHER ORDERED that oral argument on the motion to strikes, which was previously scheduled for August 23, 2018, is CANCELLED.

Signed at Lafayette, Louisiana, this 2nd  day of August 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE