UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ALECIA M. RIDEAU, M.D. | CASE NO. 6:18-CV-00473 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LAFAYETTE HEALTH VENTURES, INC., LAFAYETTE GENERAL HEALTH SYSTEM, INC. AND AL PATIN | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss for failure to state a claim, which was filed on behalf of the defendants Lafayette Health Ventures, Inc., Lafayette General Health System Inc., and Al Patin. (Rec. Doc. 11). The motion is opposed. (Rec. Doc. 17). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court recommends that the motion to dismiss be DENIED.

### Background

The plaintiff's complaint asserted claims under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. According to the complaint, Dr. Alecia M. Rideau is a radiologist whose specialty is interpreting breast imaging. She

was allegedly hired to work at the Breast Center at Lafayette General Medical Center in Lafayette, Louisiana, in December 2014.

After Dr. Rideau was diagnosed with breast cancer, she took eight weeks of FMLA leave from March 28, 2016 to May 23, 2016 to accommodate the first stage of her cancer treatment. Upon her return from leave, she requested an additional two weeks of leave in the fall of 2016 to have the second stage of her breast cancer treatment – reconstruction of her breasts following bilateral mastectomy. Dr. Rideau claims that, although she was entitled to another four weeks of FMLA leave in 2016, her direct supervisor, defendant Al Patin, told her that reconstructive surgery was a cosmetic procedure that was not medically necessary, denied her request for leave, and advised that she would have to wait until 2017 to schedule the reconstruction. Mr. Patin also allegedly told Dr. Rideau that he would require her to find a temporary replacement to cover her duties before scheduling her leave. Mr. Patin also allegedly informed Dr. Rideau that her leave in the spring of 2016 had "inconvenienced the staff" and "was distressing" to the other Breast Center radiologist.

In August 2016, Dr. Rideau requested two weeks of medical leave in March 2017 for breast reconstructive surgery. Approximately a week later, Mr. Patin allegedly summoned Dr. Rideau to his office to discuss her FMLA request. He allegedly fired her instead.

In this lawsuit, Dr. Rideau seeks to recover for the defendants' alleged violation of the FMLA. She claims that the defendants both interfered with her FMLA rights by illegally denying her FMLA leave to which she was entitled and also retaliated against her for requesting FMLA leave, treating her less favorably than employees who did not request FMLA leave, and ultimately terminating her employment.

## The Contentions of the Parties

In support of their motion to dismiss, the defendants argued that the plaintiff's references in the complaint to the Women's Health and Cancer Rights Act of 1998 ("WHCRA") was an unsuccessful attempt to state a claim under that statute. To the extent that the plaintiff was attempting to assert such a claim, the defendants seek dismissal of the claim. In response, the plaintiff argued that she did not attempt to assert a claim under the WHCRA.

## Law and Analysis

### A. The Applicable Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering such a motion, a district court must

---

1 *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint. . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of

---

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[6] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7] *Bell Atlantic v. Twombly*, 127 U.S. at 555.

[8] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

---

9  *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10  *Bell Atlantic v. Twombly*, 127 U.S. at 570.

11  *Ashcroft v. Iqbal*, 556 U.S. at 678.

12  *Ashcroft v. Iqbal*, 556 U.S. at 679.

13  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

### B. The Plaintiff's Complaint States Only an FMLA Claim

The plaintiff's complaint contains two references to the WHCRA. Paragraph 27 of the complaint alleges that the WHCRA has required health insurers to provide coverage for reconstructive surgery following mastectomies since 1998. Paragraph 29 of the complaint alleges that defendant Al Patin's alleged statement that reconstructive breast surgery is a cosmetic, medically unnecessary procedure is at odds with the WHCRA. However, neither paragraph asserts a claim under the WHCRA. Indeed, as the defendants pointed out in their briefing, and as the plaintiff acknowledged in her response, there is no private cause of action under the WHCRA. Thus, as the plaintiff explained, "it would make no sense for Plaintiff to have included such a non-existent claim in her Complaint." (Rec. Doc. 17 at 4).

The complaint is clear that the only claims asserted by the plaintiff in this lawsuit arise under the FMLA and are based on the plaintiff's allegations that the defendants interfered with her FMLA rights and retaliated against her for asserting her FMLA rights. Furthermore, in her briefing, the plaintiff expressly confirmed that no WHCRA claim was asserted or was intended to be asserted, and she represented that the references to the WHCRA in the complaint "relate solely to whether Defendants were in good faith and had a reasonable belief that their actions or omissions under the FMLA were legal." (Rec. Doc. 17 at 3).

This Court finds that the only way to interpret the plaintiff's complaint is to find that it asserted only FMLA claims. Accordingly, this Court further finds that no claim under the WHCRA was asserted or was intended to be asserted in the complaint. Counsel are cautioned that the issue presented in this motion could – and should – have been resolved short of taxing the limited resources of this Court with such a motion.

## **Conclusion**

For the foregoing reasons, it is recommended that the defendants' motion to dismiss for failure to state a claim (Rec. Doc. 11) should be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 2nd day of August 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE